## Staunton

### TAZEWELL COAL AND IRON CO. V. GILLESPIE.

Reheard September 9, 1912.

1. SPECIFIC PERFORMANCE—*Burden of Proof.*—In a suit for the specific performance of a contract for the sale of real estate, the burden is on the complainant to show that he is entitled to the relief sought.

2. SPECIFIC PERFORMANCE — *Reformation — Mutual Mistake — Changed Conditions.*—A contract for the sale of real estate will not be specifically enforced, or reformed, so as to correct an innocent mutual mistake, where, without fault of the parties, but in consequence of the lapse of time and changed conditions and circumstances, the parties cannot be placed in substantially the same position they agreed to occupy by their contract.

Appeal from a decree of the Circuit Court of Tazewell county. Decree for the defendants. Complainants appeal. This case was decided January 18, 1912, and is reported in 113 Va. 134, 75 S. E. 757. Subsequently a rehearing was granted, and the opinion now reported was rendered upon the rehearing.

*Affirmed.*

The opinion states the case.

*Henry Graham* and *Phlegar, Powell, Price & Shelton,* for the appellant.

*Chapman & Gillespie, A. S. Higginbotham* and *Henson & Brown,* for the appellees.

HARRISON, J., delivered the opinion of the court.

This cause is before us solely for the purpose of having further argument upon the question, whether or not the appellees can now be placed in substantially the same position they would have occupied if there had not been a mutual mistake, and the contract had been fully performed in March, 1889.

The facts of the case are fully and accurately stated in (*Tazewell Coal and Iron Co.* v. *Gillespie,* 113 Va. 134, 75 S. E. 757) the opinion handed down in January last, and need not be repeated here. The conclusion then reached was that in no view of the case could the mutual innocent mistake of the parties be corrected and appellants granted specific performance of the contract alleged to have been made in 1889, without imposing an unwarranted hardship upon the appellees by giving, as a result of changed conditions, the appellants more and the appellees less than the spirit and intent of their contract entitled them to.

The burden is upon the appellant company to show itself entitled to a decree for the specific performance of the contract it seeks to enforce. The circuit court held that it had not sustained this burden, and we are by no means satisfied, as we must be, that there was error in that conclusion. It is now more than twenty years since the innocent mutual mistake sought to be corrected was made. Many material changes have in the meantime taken place in the situation of the parties and in the subject matter of the contract, so that the original intention of the parties cannot, at this late day, be enforced without grave danger of doing great injustice to the appellees.

We have carefully considered the arguments submitted upon the petition to rehear, and are of opinion that the appellees cannot now be placed in substantially the same position they would have occupied if there had not been

an innocent mutual mistake, and the contract had been fully performed in March, 1889; and, therefore, the decree pronounced by this court on the 18th of January, 1912, must, for the reasons then given, be adhered to.

*Affirmed.*